THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| WESLEY CRAWFORD | * | CIVIL ACTION NO. 08-0463 |
| VERSUS | * | JUDGE JAMES |
| CLAYTON DEHL, ET AL. | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a

motion to remand[1] filed by plaintiff Wesley Crawford.  (Doc. #7).  The motion is opposed by

defendants Clayton Dehl; Alan Love; Thomas Fulmer; JohnsonDiversey, Inc. ("JDI"); and AAA

Cooper Transportation ("ACT").  (Doc. #13).  For the reasons stated below, the motion to

remand is **DENIED**.

## BACKGROUND

Crawford filed suit in Louisiana state court on March 10, 2008.  Crawford alleged the

following material facts in his state court petition:

> On the 14th day of March, [Fulmer] was operating a vehicle pulling box van trailers
> filled with a 98% hydrochloric acid chemical, owned by [ACT] along Interstate 20
> in Ouachita Parish, Louisiana. . . . Fulmer noticed a leak from one of the box van
> trailers he was pulling and contacted defendant, Love, Regional Safety Director for
> [ACT]. . . . Love, advised . . . Fulmer, to go ahead and drive the leaking trailer to the
> Monroe, Louisiana, ACT property.  Upon arrival at the Monroe property, [Crawford]
> in the course and scope of his employment with [ACT] was instructed by . . . Love
> to open the doors of the trailer, which was fuming hydrochloric acid vapors, and
> place oil dry inside and around the leaking trailer.  Petitioner did as he was instructed
> with only a dust mask and splash protection which caused serious injuries to
> petitioner.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive
of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil
Procedure, this ruling is issued under the authority thereof, and in accordance with the standing
order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a)
and L.R. 74.1(W).

(Doc. #1-2, ¶ 3) (emphasis and capital letters removed from defendants' names).  The petition also alleges, inter alia, negligence, carelessness, and breaches of duty by the defendants.

JDI filed a notice of removal, (Doc. #1), on April 3, 2008.  In the notice of removal, JDI acknowledged that Love and Dehl are non-diverse, as they – like Crawford – are citizens of Louisiana.  JDI asserts that this court has subject matter jurisdiction nonetheless because Crawford improperly joined them as defendants.  The parties agree that the amount in controversy requirement is met and that none of the other defendants are citizens of Louisiana.

## LAW AND ANALYSIS

The Constitution provides, in Article III, § 2, that "the judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States."  The current general-diversity statute permits federal district court jurisdiction over suits for more than $75,000 "between . . . citizens of different States."  28 U.S.C. § 1332(a).  "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought.' "  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, Crawford alleges that he and two of the defendants (Dehl and Love) are citizens of Louisiana.  (Doc. #1-2).  Nonetheless, JDI removed the case and now contends that (i) Love is a citizen of Alabama and is therefore diverse; and (ii) although Dehl is not diverse, this court has jurisdiction because Crawford fraudulently joined Dehl to destroy subject matter jurisdiction.[2]

---

[2] "The terms 'fraudulent joinder' and 'improper joinder' are synonymous as the Fifth Circuit."  *Queen v. Am. Gen. Fin., Inc.*, 351 F. Supp. 2d 576, 577 (S.D.Miss. 2005) (citing

JDI has failed to meet its burden regarding Love's citizenship.  However, as this court concludes

that both Dehl and Love were fraudulently joined,[3] the court retains subject matter jurisdiction.

Furthermore, Crawford's argument that 28 U.S.C. § 1445 precluded JDI from removing the case

is without merit.

I.      **Love's Citizenship**

"In cases removed from state court, diversity of citizenship must exist both at the time of

filing in state court and at the time of removal to federal court."  *Coury v. Prot*, 85 F.3d 244, 249

(5th Cir. 1996).  When jurisdiction is properly challenged, the party invoking federal jurisdiction

bears the burden of proof.  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citing *McNutt v.*

*Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  Thus, it is JDI's burden, as the removing

party, to prove that Love is not a citizen of Louisiana.  *Id.*  In its attempt to meet the burden, JDI

submitted a sworn affidavit by Love, (Doc.#13-1), in which Love states the following:

> 2.      [Love] resides . . . in Alabama and works for AAA Cooper Transportation
>         [ACT] as Director of Safety in Dothan, Alabama.
> 3.      He does not reside in, nor is his office located in the State of Louisiana.
> 4.      He is a resident and citizen of the State of Alabama, and not a resident or
>         citizen of the State of Louisiana.
> 5.      On March 14, 2007, he was called at his residence in Dothan, Alabama . . .

Love's affidavit fails to establish that he was not a citizen of Louisiana on March 10,

2007, the date suit was filed in state court.  Indeed, the affidavit refers to Love's present

---

*Smallwood*, 385 F.3d 568 (5th Cir. 2004)).

    [3] In opposition to the instant motion, (Doc. #14), the defendants assert that Love is a
citizen of Alabama and is therefore diverse.  As discussed *infra*, the defendants have failed to
meet their burden of establishing this fact.  However, the undersigned construes the
memorandum to maintain their argument, in the alternative, that Crawford improperly joined
Love to defeat subject matter jurisdiction.  (See Doc. #1, ¶ 12).

residence as well as his residence on March 14, 2007, only.  Furthermore, in the notice of

removal JDI contended that both Dehl and Love "are and were citizens of the State of Louisiana

both at the time of the filing of this suit and at the time of removal."  (Doc. #1, ¶ 12).  Since

Love's citizenship on the date suit was filed remains in question, JDI has failed to meet its

burden of proof.  Accordingly, the undersigned cannot conclude that Love is diverse for the

purposes of subject matter jurisdiction in this case.

### II.      Improper Joinder

Suits not arising under federal law, are removable "only if none of the parties in interest

*properly* joined and served as defendants is a citizen of the State in which such action is

brought."  28 U.S.C. § 1441(b) (emphasis added).  Thus, JDI was entitled to remove to federal

court "unless an in-state defendant has been 'properly joined.' " *Smallwood v. Ill. Cent. R.R. Co.*,

385 F.3d 568, 573 (5th Cir.  2004).  "Defendants bear a 'heavy burden' of showing improper

joinder."  *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 Fed. App'x 533, 536 (5th Cir. 2005)

(unpublished) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d

746, 751 (5th Cir. 1996)).

The Fifth Circuit has "recognized two ways to establish improper joinder." *Smallwood*,

385 F.3d at 573.  Here, only the second method is relevant: the defendant must demonstrate an

"'inability of the plaintiff to establish a cause of action against the non-diverse party in state

court.' " *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).  Hence, the question

presented is whether JDI has demonstrated that Crawford has no possibility of recovery against

Love and Dehl.  *Id.*

Courts in this circuit resolve such questions in one of two ways.  First, the court "may

conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* In order to survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Ordinarily, this analysis will be determinative. *See id.* However, the "court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* This second method "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.

In this case, it is unnecessary to pierce the pleadings.[4] 12(b)(6)-type analysis reveals that the state court petition provides no reasonable basis to predict that Crawford can recover against Love or Dehl. This is true because Crawford's recovery is precluded by the Louisiana Worker's Compensation Act ("LWCA"), which governs injuries occurring in the workplace. "[W]ith the exception of intentional acts, workers' compensation is the exclusive remedy available to an 'employee or his dependent' for work-related injuries and illnesses." *Deshotel v. Guichard Operating Co.*, 916 So. 2d 72, 75 (La. 2004) (citing LA. REV. STAT. ANN. § 23:1032). The LWCA precludes suits against both co-employees and employers arising out of negligence or strict liability in the workplace. LA. REV. STAT. ANN. § 23:1031, 1032; *see Bazley v. Tortorich*, 397 So. 2d 475, 479 (La. 1981) ("The exclusive remedy rule prevents an employee from seeking

---

[4] Although JDI has submitted affidavits attacking the merits of Crawford's claims, the undersigned has not considered them in reaching this holding.

recovery in tort for a work-related injury negligently caused by his co-employee."); *McCorkle v. Gulf State Utils. Co.*, 457 So. 2d 682, 685 (La. Ct. App. 1984) (holding that suits under LA. CIV. CODE ANN. ART. 2317 are barred by the LWCA); *Certain v. Equitable Equip. Co.*, 453 So. 2d 292, 297-98 (La. Ct. App. 1984) (holding that dismissal is proper whether the suit be "one in negligence, products liability or strict liability"); *Reeder v. Laks Corp.*, 555 So. 2d 7, 9 (La. Ct. App. 1989) (the LWCA bars suits for work-related injuries arising in negligence or strict liability). Hence, the parties agree that for Crawford to have a reasonable possibility of recovery, his claim must fall under the intentional act exception of the LWCA. (Doc. #13, p.4; Doc. #8, p.2); *see also* LSA-R.S. 23:1032(B) ("Nothing in this Chapter shall affect the liability of the employer, or any . . . employee of such employer or principal to a . . . liability, civil or criminal, resulting from an intentional act.").

Since *Bazley*, 397 So. 2d at 481, the Louisiana Supreme "Court has . . . narrowly construe[d] the intentional act exception." *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 211 (La. 1999). The meaning of 'intent' in the context of this exception is that the defendant "either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley*, 397 So. 2d at 481. "Thus, intent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional." *White v. Monsanto Co.*, 585 So. 2d 1205 (La. 1991). "'Substantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has

been defined to mean 'inevitable' or 'incapable of failing.' " *Reeves*, 731 So. 2d at 213.  "'[M]ere

knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton

conduct by an employer constitute intentional wrongdoing.' " *Id.* (quoting *Armstead v.*

*Schwegmann Giant Super Mkts., Inc.*, 618 So. 2d 1140, 1142 (La. Ct. App. 1993)).  In addition,

"violation of a statute alone is not per se such an intentional act . . ." *Mott v. River Parish*

*Maint., Inc.*, 432 So. 2d 827, 832 (La. 1983).  Thus, the Court has consistently rejected "the

'intentional act' argument when an employer has violated safety rules." *Cole v. Dep't of Pub.*

*Safety & Corr.*, 825 So. 2d 1134, 1147 (La. 2002) (citing *Reeves*, 731 So. 2d at 211-12).

Abiding the dictate of Louisiana law that the intentional act exception be narrowly

construed, this court holds that there is no reasonable basis to predict that Crawford can prevail

against Dehl or Love.  The rationale for this holding lies in Louisiana's rules of civil procedure.

The Louisiana code of civil procedure sets forth a system of fact pleading in petitions.  *Badeaux*

*v. Sw. Computer Bureau, Inc.*, 929 So. 2d 1211, 1218 (La. 2006).  A petition must contain "a

short, clear, and concise statement of . . . the material facts of, the transaction or occurrence that

is the subject matter of the litigation . . ." LA. CODE CIV. PROC. ANN. art. 891(A).  "To plead

'material facts,' the petitioner must allege more than mixed questions of law and fact . . . the

pleader [must] state what act or omission he or she will establish at trial." *Fitzgerald v. Tucker*,

737 So. 2d 706, 713 (La. 1999).

Here, the plaintiff's state court petition alleges that Fulmer "was operating a vehicle

pulling box van trailers filled with a 98% hydrochloric acid chemical" owned by ACT.  (Doc. #1-

2, ¶ 3).  The petition alleges that Fulmer "noticed a leak from one of the box van trailers he was

pulling and contacted [Love]." (Doc. #1-2, ¶ 3).  The petition alleges that Love "advised

[Fulmer] to go ahead and drive the leaking trailer to the Monroe, Louisiana, [ACT] property."

(Doc. #1-2, ¶ 3).   Finally, the petition alleges that "[u]pon arrival at the Monroe property,

[Crawford], in the course and scope of his employment . . . was instructed by [Love] to open the

doors of the trailer, which was fuming hydrochloric acid vapors, and place oil dry inside and

around the leaking trailer."  (Doc. #1-2, ¶ 3).  The petition alleges that Crawford "did as he was

instructed with only a dust mask and splash protection which caused serious injuries to [him]."

(Doc. #1-2, ¶ 3).

Crawford cites *Trahan v. Trans-Louisiana Gas Co., Inc.*, 618 So. 2d 30 (La. Ct. App.

1993), contending that where an employee following instructions is exposed to a hazardous

chemical in the workplace, the intentional act exception applies.  *Trahan* is readily distinguished

from this case, however.  In *Trahan*, the plaintiff had become ill on two prior occasions due to

exposure with the same chemical yet, with this knowledge, his employer ordered him to perform

a task that required further exposure with the chemical.  *Id.* at 31-32.  Based on these unique

circumstances, the court held that the harm done to the plaintiff was substantially certain to

occur.  *Id.*

The facts alleged by Crawford are not on par with the facts of *Trahan*.  Crawford has not

alleged that either Dehl or Love had reason to know that he was substantially certain to be

injured.  There is not even an implication in the petition that either acted purposefully or with the

desire to have Crawford suffer injuries.  Moreover, Crawford alleges in his petition that his

injuries resulted from the defendants' negligence, (Doc. #1-2, ¶ 9-16), carelessness, (Doc. #1-2, ¶

12-13), breach of duties, (Doc. #1-2, ¶ 11-16), and violation of laws.  (Doc. #1-2, ¶ 12-14).  None

of these legal conclusions, even if taken as true, would bring the plaintiff's claims within the

intentional act exception.

Given the narrow construction of the intentional tort exception, the petition's statement of material facts clearly fails to plead facts indicating that the plaintiff could prove an intentional tort at trial.  Consequently, any prediction that Crawford has a right to relief against Dehl or Love would not rise above the speculative level.  *See Dycus v. Martin Marietta Corp.*, 568 So. 2d 592, 594 (La. Ct. App. 1990) ("*Caudle* indicates that the [substantially certain] test will be applied only to acts which can be classified as traditional intentional torts – such as battery, assault, false imprisonment, etc.") (citing *Caudle v. Betts*, 512 So. 2d 389 (La. 1987)).  As a result, the court holds that Dehl and Love have been improperly joined and that their citizenship can be disregarded in determining whether there is complete diversity.  *See First Sw. Vending & Food Serv. v. Solo Cup Co.*, No. 3:07-CV-1936-D, 2008 U.S. Dist. LEXIS 29349, at *14-15 (N.D.Tex. Apr. 9, 2008) (citing *Smallwood*, 385 F.3d at 573).

**III.    28 U.S.C. § 1445(c)**

Finally, the plaintiff argues that even if his exclusive means of recovery is under the LWCA, this court must remand due to § 1445(c).  Section 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  Under § 1445(c), a suit "arises under the law that creates the cause of action."  *Jones v. Roadway Express*, 931 F.2d 1086, 1092 (5th Cir. 1991).  Thus, if a plaintiff's cause of action is created by the "workmen's compensation laws of [the] State" in which he filed suit, there is "a strong congressional policy that . . . the case should remain in the state court for its ultimate disposition."  *Kay v. Home Indem. Co.*, 337 F.2d 898, 902 (5th Cir. 1964).

Here, however, Crawford's cause of action for negligence and/or strict liability is the Louisiana Civil Code.  *See* LA. CIV. CODE ANN. art. §§ 2315-2317.1.  These codal provisions are distinct from the LWCA and, as a result, § 1445(c) does not preclude removal.  *See Morris v. Adventist Health Ctr.*, No. 2:07cv275KS-MTP, 2008 U.S. Dist. LEXIS 9247, 14-15 (S.D.Miss. Jan. 23, 2008) ("Such a case is removable to this court because it does not involve issues of ultimate compensability of the underlying workers' compensation  claim.").  Accordingly, JDI's removal of the case to federal court was proper and this court has subject matter jurisdiction.

**IV.     Conclusion**

Accordingly, it is **ORDERED** that the instant motion to remand, (Doc. #7), be **DENIED**.

**THUS DONE AND SIGNED** this 21st day of May, 2008, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE