## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **WESLEY CRAWFORD** | * | **CIVIL ACTION NO. 08-0463** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CLAYTON DEHL, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendants Clayton Dehl ("Dehl"); Alan Love ("Love"); Thomas Fulmer ("Fulmer"); and AAA Cooper Transportation ("ACT") (collectively "the moving Defendants"). (Doc. #35). The motion is opposed. (Doc. #41). For the reasons stated below, it is recommended that the motion be **GRANTED**.

## BACKGROUND

Plaintiff Wesley Crawford ("Crawford") filed suit in Louisiana state court on March 10, 2008. Crawford alleged the following material facts in his state court petition:

> On the 14th day of March, [Fulmer] was operating a vehicle pulling box van trailers filled with a 98% hydrochloric acid chemical, owned by [ACT] along Interstate 20 in Ouachita Parish, Louisiana. . . . Fulmer noticed a leak from one of the box van trailers he was pulling and contacted defendant, Love, Regional Safety Director for [ACT]. . . . Love, advised . . . Fulmer, to go ahead and drive the leaking trailer to the Monroe, Louisiana, ACT property. Upon arrival at the Monroe property, [Crawford] in the course and scope of his employment with [ACT] was instructed by . . . Love to open the doors of the trailer, which was fuming hydrochloric acid vapors, and place oil dry inside and around the leaking trailer. Petitioner did as he was instructed with only a dust mask and splash protection which caused serious injuries to petitioner.

(Doc. #1-2, ¶ 3) (emphasis and capital letters removed from defendants' names). The petition

also alleges, *inter alia*, fault, negligence, carelessness, and breaches of duty by the defendants. JDI filed a notice of removal, (Doc. #1), on April 3, 2008. In the notice of removal, JDI acknowledged that Love and Dehl were non-diverse, as they – like Crawford – were citizens of Louisiana. JDI asserted that this court had subject matter jurisdiction nonetheless because Dehl and Love were improperly joined. Crawford moved for remand, alleging lack of diversity of citizenship. [Doc. #7]. The undersigned denied the motion to remand based on the findings that Dehl and Love were improperly joined because Crawford's claims against them were precluded by the Louisiana Worker's Compensation Act ("LWCA"), the exclusive remedy for an employee's work-related injuries, and that none of his claims fell under the LWCA's intentional act exception. On September 12, 2008, the moving Defendants filed the instant motion to dismiss on the ground that Crawford's claims against them are precluded by the LWCA. Alternatively, The moving Defendants assert that they are entitled to summary judgment because there is no genuine issue of material fact as to whether their actions fell within the intentional act exception of the LWCA.

## LAW AND ANALYSIS

### I. 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the

complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*.

Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted).

Nonetheless, a 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982)

## II. Analysis

Injuries occurring in the workplace are governed by the LWCA. "[W]ith the exception of intentional acts, workers' compensation is the exclusive remedy available to an 'employee or his dependent' for work-related injuries and illnesses." *Deshotel v. Guichard Operating Co.*, 916 So. 2d 72, 75 (La. 2004) (citing LA. REV. STAT. ANN. § 23:1032). The LWCA precludes suits against both co-employees and employers arising out of negligence or strict liability in the workplace. LA. REV. STAT. ANN. § 23:1031, 1032; *see Bazley v. Tortorich*, 397 So. 2d 475, 479 (La. 1981) ("The exclusive remedy rule prevents an employee from seeking recovery in tort for a work-related injury negligently caused by his co-employee."); *McCorkle v. Gulf State Utils. Co.*, 457 So. 2d 682, 685 (La. Ct. App. 1984) (holding that suits under LA. CIV. CODE ANN. ART. 2317 are barred by the LWCA); *Certain v. Equitable Equip. Co.*, 453 So. 2d 292, 297-98 (La. Ct. App.

1984) (holding that dismissal is proper whether the suit be "one in negligence, products liability or strict liability"); *Reeder v. Laks Corp.*, 555 So. 2d 7, 9 (La. Ct. App. 1989) (the LWCA bars suits for work-related injuries arising in negligence or strict liability). Hence, the parties agree that for Crawford to be able to recover against the moving defendants, his claim must fall under the intentional act exception of the LWCA. (Doc. #13, p.4; Doc. #8, p.2); *see also* LSA-R.S. 23:1032(B) ("Nothing in this Chapter shall affect the liability of the employer, or any . . . employee of such employer or principal to a . . . liability, civil or criminal, resulting from an intentional act.").

Since *Bazley*, 397 So. 2d at 481, the Louisiana Supreme "Court has . . . narrowly construe[d] the intentional act exception." *Reeves v. Structural Pres. Sys.*, 731 So. 2d 208, 211 (La. 1999). The meaning of 'intent' in the context of this exception is that the defendant "either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Bazley*, 397 So. 2d at 481. "Thus, intent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional." *White v. Monsanto Co.*, 585 So. 2d 1205 (La. 1991). "'Substantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.' " *Reeves*, 731 So. 2d at 213. "'[M]ere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing.' " *Id.* (quoting *Armstead v. Schwegmann Giant Super Mkts., Inc.*, 618 So. 2d 1140, 1142 (La. Ct. App. 1993)). In addition,

"violation of a statute alone is not per se such an intentional act . . ." *Mott v. River Parish Maint., Inc.*, 432 So. 2d 827, 832 (La. 1983). Thus, the Court has consistently rejected "the 'intentional act' argument when an employer has violated safety rules." *Cole v. Dep't of Pub. Safety & Corr.*, 825 So. 2d 1134, 1147 (La. 2002) (citing *Reeves*, 731 So. 2d at 211-12); *see also Dycus v. Martin Marietta Corp.*, 568 So. 2d 592, 594 (La. Ct. App. 1990) ("*Caudle* indicates that the [substantially certain] test will be applied only to acts which can be classified as traditional intentional torts – such as battery, assault, false imprisonment, etc.") (citing *Caudle v. Betts*, 512 So. 2d 389 (La. 1987)).

Utilizing the 12(b)(6) analysis, the undersigned previously held that Dehl and Love were improperly joined in this action because there was no reasonable basis to predict that Crawford could prevail against Dehl or Love in state court, stating as follows in pertinent part:

> Crawford has not alleged that either Dehl or Love had reason to know that he was substantially certain to be injured. There is not even an implication in the petition that either acted purposefully or with the desire to have Crawford suffer injuries. Moreover, Crawford alleges in his petition that his injuries resulted from the defendants' negligence, (Doc. #1-2, ¶ 9-16), carelessness, (Doc. #1-2, ¶ 12-13), breach of duties, (Doc. #1-2, ¶ 11-16), and violation of laws. (Doc. #1-2, ¶ 12-14). None of these legal conclusions, even if taken as true, would bring the plaintiff's claims within the intentional act exception.

[Doc. # 16, p. 7-8].

Based on this finding, The moving Defendants now assert that they are entitled to dismissal of Crawford's claims against them on the ground that he has failed to state a claim upon which relief may be granted.

With regard to Dehl, Crawford has not even argued in response to the present motion that he has alleged facts sufficient to invoke the intentional act exception to the LWCA. In addition, Crawford's allegations against Fulmer, his co-employee, are identical to those against Love

which, as noted above, the undersigned has previously found are insufficient to state a claim under the intentional act exception.[1] Finally, with regard to Crawford's direct allegations against ACT, Crawford again does not allege or even imply that ACT acted with the desire that Crawford be injured or that ACT had reason to know that Crawford was substantially certain to be injured.[2] *See Dycus v. Martin Marietta Corp.*, 568 So. 2d 592, 594 (La.App. 4 Cir. 1990) (failure to provide safety equipment not an intentional tort for the purposes of intentional act exception, nor is proof that an employer told a worker to work in an unsafe place). As it pertains to these Defendants, Crawford's complaint does not allege intent or substantial certainty in even the most general form. *See* Federal Rule of Civil Procedure 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally"). Crawford has clearly failed to state a claim upon which relief may be granted with respect to the aforementioned claims.

---

[1] With regard to Fulmer, Crawford's complaint states:

The fault, breach of duties, and negligence of defendant, THOMAS FULMER, over the road driver for defendant, AAA COOPER, consists of the following non-exclusive particulars:

A. Careless handling of hazardous material;
B. Failing to report a hazardous material incident to appropriate parties;
C. Negligently transporting a hazardous material;
D. Violating the laws/ordinances/statutes of the State of Louisiana, Parish of Ouachita, in the operation of the aforementioned vehicle;
E. All acts of negligence proven at trial.

[2] As to ACT, the complaint states:

The fault, breach of duties, and negligence of defendant, AAA COOPER TRANSPORTATION "INC.", consists of the following non-exclusive particulars:

A. Failure to secure contents of hazardous materials in a moving vehicle;
B. Failure to provide employees with appropriate personal protection wear when dealing with hazardous materials;
C. Failure to provide employees with training regarding hazardous materials;
D. All acts of negligence proven at trial.

In his memorandum in opposition to the moving Defendants' motion, Crawford attempts to salvage his claims against Love, and therefore vicariously against ACT, by arguing as follows:

> [I]t would appear the Plaintiff has a claim for damages resulting from the intentional acts of his co-employee [Love] in failing to report the incident to the appropriate parties, and intentionally transporting the hazardous materials in violation of Louisiana law, and subsequently ordering Plaintiff to inspect and attempt to clean the trailer." [Doc. #41]. The Plaintiff alleged in his petition that Defendant Love was aware of the hazardous material leak and intentionally disregarded Louisiana law and moved the leaking hazardous material cargo to the Monroe, Louisiana AAA Cooper Transport yard. Defendant then intentionally instructed the Plaintiff to place oil dry inside and around the leaking trailer exposing the Plaintiff to hazardous materials. It would appear from the definition of "intentional act" set forth by the Louisiana Supreme court in *Bazley v. Tortorich* that Defendant Love, the regional safety director for AAA Cooper Transport, would certainly be aware of the harmful nature of hydrochloric acid. As such, it is highly likely that Defendant Love was aware that the Plaintiff was substantially certain to be injured by exposing himself to hydrochloric acid.

[Doc. #1-3]. However, to the extent that Crawford argues that his original petition's allegations are sufficient to state a claim within the ambit of the intentional act exception, his argument misses the mark. As the Louisiana Supreme Court has stated regarding the intentional act exception,

> [I]ntent has reference to the consequences of an act rather than to the act itself. Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional.

*White v. Monsanto Co.*, 585 So. 2d 1205, 1208 (La. 1991) (citation omitted). Therefore, it is not enough that Crawford alleges that Love's actions in the above regard were intentional; rather, his complaint must sufficiently allege that the c*onsequences* of Love's actions were intentional, i.e. that he desired for Crawford to be injured or that he believed that Crawford's injuries were substantially certain to occur as a result of Love's actions. Crawford's complaint does not so allege.

For the first time, in his opposition memorandum, Crawford argues that Love, as regional

director of ACT, would be aware of the harmful nature of hydrochloric acid, and therefore would likely have been aware that Crawford was substantially certain to be injured by exposing himself to hydrochloric acid. The Fifth Circuit has held a district court should construe a revised theory of liability included in an opposition memorandum as a motion to amend the pleadings.[3] *See Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). Thus, the undersigned must determine whether the motion to amend should be granted in the circumstances of this case.

Federal Rule of Civil Procedure 15(a) states that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Fifth Circuit has stated that "[a]lthough Rule 15 'evinces a bias in favor of granting leave to amend,' it is not automatic.'" *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (quoting *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993)). Rather, "a decision to grant leave is within the discretion of the trial court, . . . and [i]n deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[3] Crawford alleges that Love intentionally instructed him to place oil dry inside and around the leaking trailer, thereby exposing him to hazardous materials. Crawford further alleges that because Love was certainly aware of the harmful nature of hydrochloric acid, it is highly likely that he was aware that Crawford was substantially certain to be injured by exposing himself to such acid. *See Jenkins v. Bill Laurence, Inc.*, 1999 WL 307641, *2 (E.D.La. May 14, 1999) (finding that the plaintiff's allegations that his employer (1) knew the danger of exposing him to toxic chemicals; (2) knew that there was a chemical release likely containing benzene; (3) knew the dangers of exposure to benzene; and (4) yet ordered him to go into the water knowing he would be exposed to the liquids and vapors of the chemicals was sufficient to state a claim under the "substantially certain" prong of the intentional act exception); *Carey*, 553 So. 2d 472. Here, Crawford does not allege that Love was actually aware that the leaking substance in the truck was hydrochloric acid, and does not allege that Love was in fact aware that Crawford was substantially certain to be injured, only that it is "highly likely" that he would be so aware. However, for purposes of this report and recommendation, the undersigned will evaluate the motion to amend assuming that the proposed amendment would state a claim against Love.

opposing party, and futility of amendment."[4]  *Id.* at 314-15 (citation omitted).

The Fifth Circuit has stated that "in exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed."  *Id.* at 315-316 (affirming district court's refusal to grant leave to amend when the underlying facts were known at the time the original and amended complaints were filed); *see also Barrett v. Independent Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming lower court's denial of motion to amend filed ten months after original complaint when there were no matters that the plaintiff could not have raised initially); *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (affirming district court's denial of leave to amend filed after defendant's motion for summary judgment and seven months after the original complaint in part because additional claims could have been raised original complaint).[5]  Here, there is no reason to believe that the facts underlying the new allegations in Crawford's opposition memorandum were unknown to Crawford at the time he filed his original petition. Moreover, he did not assert such facts in support of his motion to remand, despite being on notice of the moving Defendants' contention that his state court petition failed to allege facts sufficient to fall within the ambit of the intentional act exception of the LWCA.[6]

Rather, Crawford asserted these facts for the first time in his opposition to the moving

---

[4] The court further stated that the court's "discretion, however, is not broad enough to permit denial if the court lacks a substantial reason to do so."  *Id.* at 314 (citation omitted).

[5] In *Southmark*, the motion to amend was filed thirteen months after the original complaint and eleven months after the first amended complaint; moreover, there was no reasonable explanation offered for the delay.  *Id.* at 316.

[6] Nor did he appeal the ruling denying remand.

Defendants' motion to dismiss/motion for summary judgment, nearly six months after the case was removed to this Court, and nearly four months after his motion to remand was denied. *See Parish*, 195 F.3d at 764 (noting that courts "more carefully scrutinize a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment."). Under these circumstances, the undersigned cannot say that the purpose of Rule 15 would be served by allowing the Crawford to amend his complaint.

Moreover, even if this Court were to allow Crawford to amend his complaint, the amendment, even assuming that it would state a claim against Love, would be futile because the claim against Love would nonetheless be subject to dismissal on summary judgment.[7] Summary judgment is appropriate when the evidence before the Court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence such that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[7] The Fifth Circuit has stated than in the context of Rule 15, an amendment is futile if it "would fail to state a claim for relief upon which relief could be granted." *Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 873 (5th Cir. 2000). However, district courts in the Fifth Circuit have denied motions to amend as futile when the amended pleading could not survive summary judgment. *See Martin's Herend Imports Inc. v. Twin City Fire Ins. Co.*, 2000 WL 33795043, *11 (S.D.Tex. March 31, 2000); *Saucier v. Coldwell Banker JME Realty*, 2007 WL 2898528, *3 (S.D.Miss. September 27, 2007) (denying motion to amend to reflect claims raised for the first time in opposition to summary judgment motion as futile because plaintiff failed to submit sufficient evidence at the summary judgment stage to support the amended pleading); *Tepsic v. National R.R. Passenger Corp.*, 1995 WL 412353, * 3 (E.D.La. 1995) (refusing to grant leave to amend complaint filed after motion for summary judgment as futile given the evidence already adduced through extensive discovery).

The moving party bears the initial burden in summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).[8]

In support of their motion, Love and ACT have produced competent summary judgment evidence, in the form of Love's own affidavit, supporting his position that he neither intended for Crawford to be injured, nor was he substantially certain that Crawford would be injured, as a result of Love's actions.[9] Love's affidavit states that he was called at his residence by Fulmer, a truck driver employed by ACT, and informed that "a liquid" was dripping from one of the ACT trailers, at which time he told Fulmer to take the trailer to the ACT terminal because the trailer

----

[8] The Louisiana Supreme Court has held that a motion for summary judgment is the appropriate vehicle for challenging a plaintiff's general allegations of intent. *See Mayer v. Valentine Sugars, Inc.*, 444 So. 2d 618, 620 (La. 1984).

[9] In support of their motion for summary judgment, The moving Defendants also submitted Dehl's affidavit, which states that he was unaware of the trailer being at the terminal prior to arriving at the terminal on March 14, 2007, or at the time Crawford entered the trailer, and he gave no instruction to Crawford to "check out" the situation in the trailer or to take any action regarding the liquid cargo spill before Crawford entered the trailer.

was at an unlighted location on Interstate 20 in the dark and was dripping as opposed to spilling liquid.[10]  He states that he then called the ACT terminal and talked to Crawford about the fact that the trailer was en route to the terminal and the fact that there was a liquid dripping from the trailer.

According to Love, he instructed Crawford to ascertain what cargos were being transported by the trailer and, when the trailer arrived, to see if he could determine what was dripping or causing the drip from the trailer.  Love states that all that he was aware of when he first talked to Crawford about checking out the situation was that there was a liquid substance dripping from the trailer; he was not aware of smoke or vapor being emitted from the ACT trailer.  Importantly, Love states:

> Per ACT standard operating procedures, he [Love] instructed Mr. Crawford not to take any chances in seeing if he could ascertain what was dripping or causing the drip, and that if Mr. Crawford had any doubt regarding the safety of going near the substance dripping from the trailer, he should not go near the trailer, and Mr. Crawford should call him so a clean up crew could be contacted and hired to address the situation.

Love further states that Crawford called him later and told him that he had raised the door of the trailer from which the liquid was dripping and looked inside; he states that he was not aware that Crawford had gone into the trailer in question until he was served with the instant lawsuit.  [Def. Ex. A].

Based on this evidence, the undersigned finds that Love has met his summary judgment burden, demonstrating that there is no genuine issue of material fact as to whether he intended for Crawford to be injured, or was substantially certain that he would be injured, as a result of his

---

[10] He states that he told Fulmer to park the trailer so it was isolated from the loading dock and other tractor trailer rigs at the terminal.

actions.[11]  Therefore, the burden shifts to Crawford to show that there is a genuine issue of

material fact such that a reasonable jury could find in his favor.  Crawford has not met his

burden.

Crawford submits no affidavits or other evidence in opposition to Love's affidavit and

motion.  Instead, he simply argues in his opposition memorandum that summary judgment is not

appropriate because of the allegations in his petition and because of the new allegations he seeks

to make in his opposition memorandum and statement of material facts.[12]  In light of the

---

[11] The Louisiana Supreme Court has noted the following language explaining the term "substantial certainty":

> The traditional definition is simply a way of relieving the claimant of the difficulty of trying to establish subjective state of mind (desiring the consequences) if he can show substantial certainty that the consequences will follow the act.  The latter takes the case out of the realm of possibility or risk (which are negligence terms), and expresses the concept that an actor with such a certainty cannot be believed if he denies that he knew the consequences would follow.  In human experience, we know that specific consequences are substantially certain to follow some acts.  If the actor throws a bomb into an office occupied by two persons, but swears that he only "intended" to hurt one of them, we must conclude that he is nonetheless guilty of an intentional tort as to the other, since he knows to a virtual certainty that harmful consequences will follow his conduct, regardless of his subjective desire.

*Reeves v. Structural Preservation Systems*, 731 So. 2d 208, 212 (La. 1999) (quoting Malone & Johnson, Louisiana Civil Law Treatise, Volume 14, Workers' Compensation Law & Practice, § 365, p. 208)).

[12] The Statement of Material Facts alleges: (1) Love advised Louisiana State Trooper Wyles that one of his drivers informed him that the trailer he was pulling was leaking and was "placarded corrosive"; (2) Love advised Wyles that he told the driver to drive the leaking trailer to  Monroe, knowing the leak should not be moved, but he wanted to get the leak to ACT's property to control the incident; (3) Love told Crawford that a trailer, which was leaking some hazardous material, was en route to ACT and that he wanted Crawford to "open the door up on it and clean it up and let it go on about its way"; (4) Love told Crawford for a second time to open the trailer when it got there and try and get it cleaned up; (5) Love did not mention anything about wearing any type of safety equipment; and (6) Crawford told Dehl that Love told him to enter the trailer to "check out" the situation. [Doc. #41-2].

competent evidence which supports the moving Defendants' motion, plaintiff may not simply rely on his pleadings, either in his opposition memorandum and statement of material facts or in his original petition, to defeat the motion. *See* Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings . . . .").

Love has submitted competent summary judgment evidence evincing that his actions were not intentional for the purposes of the intentional act exception of the LWCA, and Crawford had submitted no evidence, competent or otherwise, contrary thereto.[13] Accordingly, even if this Court were to allow Crawford to amend his complaint, Love has demonstrated that he would be entitled to judgment as a matter of law on Crawford's claims, as would ACT on any claims derivative of those against Love. Therefore, allowing the amendment would be futile, and the undersigned declines to do so.

Based on the foregoing discussion, **IT IS RECOMMENDED** that the Motion to Dismiss filed by Defendants Clayton Dehl, Alan Love, Thomas Fulmer, and AAA Cooper Transportation

---

[13] The discovery deadline has not yet elapsed in this case, *see* Doc. # 27 (Discovery I due 1/6/09; Discovery II due 2/5/09). However the Rule 26 Report in this case was filed on June 27, 2008, and, as the Fifth Circuit has stated, "Rule 56 does not require that *any* discovery take place before summary judgment can be granted; . . . that more time [is] scheduled for discovery does not, by itself, defeat summary judgment." *Brooks v. Zoltek Corp.*, 204 F.3d 1114, *1 (5th Cir. December 7, 1999) (unpublished) (quoting *Leatherman v. Tarrant County Narcotics Intelligence and Coordination*, 28 F.3d 1388, 1396 (5th Cir. 1994)). Crawford is clearly aware of Rule 56(f), having relied on it in response to the earlier summary judgment motion filed herein [Doc. #22-1], but has not sought additional discovery in response to the current motion. Fed. R. Civ. P. 56(f); *Baker v. American Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005) ("A trial court cannot rule on a summary judgment motion where adequate discovery has been denied a party, . . . but any party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showing under Fed R. Civ. P. 56(f).") (citation omitted). In the absence of such a motion, denial of The moving Defendants' properly-supported summary judgment motion on the ground that the discovery deadline has not yet passed would not be appropriate.

be **GRANTED** and that Crawford's complaint against them be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this the 12th day of November, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE