RECEIVED
IN MONROE, LA
DEC 1 1 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WESLEY CRAWFORD | CIVIL ACTION NO. 08-0463 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CLAYTON DEHL, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 47] filed by Defendant JohnsonDiversey, Inc. ("JDI") on the claims of Plaintiff Wesley Crawford ("Crawford") and Intervenor-Plaintiff AAA Cooper Transportation ("ACT"). For the following reasons, JDI's Motion for Summary Judgment is GRANTED, and the claims of Crawford and ACT against it are DISMISSED WITH PREJUDICE.[1]

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Crawford alleges that he was injured when he came into contact with hydrochloric acid manufactured by JDI and owned by ACT.

On March 13, 2007, ACT loaded cargo, including the acid, onto a trailer at JDI's facility in Dallas, Texas. ACT then transported the trailer to its terminal in Dallas, Texas, for reloading on an outbound trailer.

On March 14, 2007, an ACT employee began driving the trailer loaded with the acid to Meridian, Mississippi. The driver noticed that liquid was leaking from the trailer and notified an ACT supervisor. The supervisor diverted the trailer to ACT's facility in Monroe, Louisiana.

---

[1] Crawford's claims against the other named defendants are the subject of a different motion. [Doc. No. 35].

Crawford, an ACT employee, was instructed by his supervisor to help unload the trailer when it arrived. Crawford was instructed to open the doors of the trailer and "place oil dry inside and around the leaking trailer." [Doc. No. 1-3, ¶3]. Crawford alleges that he did so "with only a dust mask and splash protection[,] which caused serious injuries." [Doc. No. 1-3, ¶3].

Crawford filed suit against a number of defendants, including JDI and ACT, on March 14, 2008, in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana. [Doc. No. 1-3].

On April 3, 2008, JDI filed a notice of removal to this Court on the basis of diversity jurisdiction. [Doc. No. 1].

On August 13, 2008, ACT filed a Petition of Intervention [Doc. No. 31], asserting claims against Crawford and JDI.

On November 14, 2008, JDI filed a Motion for Summary Judgment [Doc. No. 47] on Crawford's and ACT's claims.

Neither Crawford nor ACT filed a memorandum in opposition to JDI's Motion for Summary Judgment.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment cannot be granted simply because there is no opposition. An unopposed motion seeking summary judgment shall be granted "if appropriate." FED. R. CIV. P. 56(e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether any response was filed. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

However, a claimant's failure to file an opposition and statement of contested material facts requires the Court to deem the moving party's statement of uncontested material facts admitted for purposes of the instant motion. Local Rule 56.2W.

### B. Negligence

Both Crawford and ACT allege that JDI was negligent.

To prove negligence, Crawford and ACT must each show: (1) that JDI owed them a duty, (2) that JDI breached that duty, (3) that JDI's breach was a cause-in-fact of their injuries, (4) that JDI's breach was a legal cause of their injuries, and (5) that they suffered damages as a result.

Crawford alleges that JDI was negligent because it failed to "properly load and secure hazardous materials," failed to "keep and/or transport its hazardous materials in a safe manner," and failed to "properly train its employees to deal with hazardous material." [Doc. No. 1-3, ¶15]. Crawford also alleges that JDI is liable for "[a]ll acts of negligence proven at trial." [Doc. No. 1-3, ¶15]. ACT alleges that Crawford's injuries "were the result of and caused by the fault, neglect and

3

want of care of [JDI]." [Doc. No. 31, ¶5].

JDI contends that it did not breach any duty owed to Crawford or ACT. The undisputed evidence shows that ACT assumed responsibility for loading, securing and transporting the acid.

Additionally, even if JDI owed a duty to properly load, secure, or transport its acid, JDI argues that its conduct was not a cause-in-fact of either party's injuries. The undisputed evidence shows that no JDI employee loaded, secured, or transported the acid. The undisputed evidence also shows that no JDI employee was present when Crawford came into contact with the acid. The Court, therefore, finds that JDI's conduct did not cause either party's injuries.

Accordingly, JDI's Motion for Summary Judgment is GRANTED.

## III. CONCLUSION

For the foregoing reasons, JDI's Motion for Summary Judgment [Doc. No. 47] is GRANTED, and the claims of Crawford and ACT against JDI are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this _11_ day of December, 2008.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE